James P. Keenley (State Bar No. 253106)
Emily A. Bolt (State Bar No. 253109)
Brian H. Kim (State Bar No. 215492)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley, California 94705
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| JANE DOE, | Case No.: 3:22-cv-694 |
| Plaintiff, | **COMPLAINT (ERISA)** |
| v. | |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, | |
| Defendant. | |

## **INTRODUCTION**

1. This case challenges Defendant Lincoln Life Assurance Company of Boston's ("Lincoln's") denial of Plaintiff Jane Doe's claim for disability benefits under the Apple, Inc. Long Term Disability Plan (the "Plan").

2. Plaintiff was disabled under the terms of the Plan and is entitled to retroactive and ongoing benefits under the Plan as a result of post-traumatic stress disorder and related symptoms of severe anxiety following being witness to a suicide that occurred in her workplace at Apple, Inc.

## JURISDICTION

3. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

4. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## INTRADISTRICT ASSIGNMENT

5. This case should be assigned to the San Francisco / Oakland Division because the relevant acts and omissions occurred within this division.

## PARTIES

6. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan. Plaintiff is proceeding under a pseudonym due to the highly confidential nature of the traumatic incident she experienced and her treatment for mental health conditions. Defendant can identify Plaintiff by her claim number, 10128939.

7. At all relevant times, Defendant Lincoln underwrote and administered claims for benefits under the Plan pursuant to a group long-term disability insurance policy issued to Plaintiff's employer, Apple, Inc., for purposes of providing long-term disability insurance to Plan participants, including Plaintiff.

8. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Plaintiff's employer, Apple, Inc. The Plan is not

a named party to this action because, at all relevant times, Defendant Lincoln administered claims for benefits under the Plan and funded the benefits provided by the Plan. Lincoln also and rendered the adverse benefit determination in Plaintiff's case.

## FACTS

9. At all relevant times the Plan offered, among other things, long-term disability benefits to employees of Apple, Inc., including Plaintiff, provided that an employee could establish that she was "disabled" within the meaning of the Plan.

10. Under the terms of the Plan a participant like Plaintiff is "disabled" and entitled to benefits if they are unable to perform the material and substantial duties of their regular occupation because of sickness or injury.

11. On April 27, 2016, Plaintiff reported to work at Apple's headquarters and was asked by her manager to come to a conference room, the "Beetle Juice" conference room, which was located about twenty feet from her desk. When she arrived at the conference room she saw that a 25 year old coworker had died by a gunshot wound to the head that was later determined to be self-inflicted.

12. Plaintiff continued to work after this traumatic incident for several years, but suffered from worsening symptoms of sleeplessness and anxiety, culminating in Plaintiff becoming unable to work due to severe post-traumatic stress disorder in 2020.

13. Plaintiff submitted a timely claim for disability benefits. Her claim for short-term disability benefits was approved and paid in full. Her claim for long-term disability benefits was also approved, by Defendant, effective August 28, 2020 when she first satisfied the elimination period became eligible for those benefits.

14. Defendant subsequently terminated Plaintiff's claim via a notice of adverse benefit determination dated March 25, 2021.

15. Plaintiff submitted a timely appeal of the March 25, 2021 adverse benefit determination.

16. Defendant denied Plaintiff's appeal by letter dated January 24, 2022.

17. Plaintiff has exhausted administrative remedies with respect to her claim for long-term disability benefits from the Plan.

18. Plaintiff remains disabled by, and in treatment for, post-traumatic stress disorder to this day. All of Plaintiff's mental health care providers have recommended she stop working and expressed their opinion that her symptoms are disabling.

19. Defendant has not had Plaintiff examined by an independent psychiatrist or other mental health provider, instead Defendant has relied on a paper review of medical records to justify its decision to terminated Plaintiff's claim.

20. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff suffered damages in the form of unpaid disability benefits, interest thereon, and attorney's fees and costs of suit.

## FIRST CLAIM FOR RELIEF
### [Claim for Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant]

21. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

22. At all relevant times, under the terms of the Plan as set forth in the governing plan instruments, Plaintiff was disabled and entitled to long-term disability benefits under the Plan.

23. By denying Plaintiff's claim for benefits, and by related acts and omissions, Lincoln has violated the terms of the Plan and Plaintiff's rights thereunder. Lincoln's refusal to pay Plaintiff benefits violates the terms of the Plan, and Lincoln's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, Lincoln failed and refused to honor the terms of the Plan.

24. As a proximate result of Lincoln's actions, Plaintiff has been deprived of benefits to which she was and is entitled and has suffered damages as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

  A. Declare that Defendant violated the terms of the Plan by denying Plaintiff's claim for benefits;

  B. Order that Defendant pay Plaintiff's past benefits owed under the terms of the Plan from March 27, 2021 up to the date that judgment is rendered herein, together with prejudgment interest on each and every such payment through to the date that judgment is rendered herein;

  C. Order Defendant to pay Plaintiff's monthly long-term disability benefits from the date of judgment until such time as Plaintiff is no longer eligible for benefits under the terms of the Plan;

  D. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

  E. Provide such other relief as the Court deems equitable and just.

Respectfully submitted,

Dated:  February 2, 2022    BOLT KEENLEY KIM LLP

        By: /s/ *James P. Keenley*
         James P. Keenley
         Attorneys for Plaintiff